Kevin A. Lake (VSB No. 34286)
MCDONALD, SUTTON & DUVAL, PLC
5516 Falmouth Street, Suite 108
Richmond, Virginia 23230
(804) 643-0000
klake@mcdonaldsutton.com

*Counsel for the Chapter 7 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re                                                                    Chapter 7

LaTara Cheri LeSure-Hill

26484 DeJarnette Lane
Ruther Glen, VA 22546
SSN / ITIN: xxx-xx-5854

*fka* LaTara Cheri LeSure
*fka* LaTara Cheri LeSure-Miller

                                                                        Case No. 12-31291-KLP

            Debtor.

---

SHERMAN B. LUBMAN,
TRUSTEE FOR THE BANKRUPTCY ESTATE OF
LATARA CHERI LESURE-HILL

        *Plaintiff,*
v.                                                    Adversary Proceeding No.:_____

MIDLAND FUNDING, LLC,

MCV PHYSICIANS, a/k/a
MCV ASSOCIATED PHYSICIANS, a/k/a
VCU PHYSICIANS

BON SECOURS ST. MARY'S HOSPITAL

WEST END ORTHOPAEDIC CLINIC, INC., a/k/a
ORTHOVIRGINIA, INC.

CAVALRY PORTFOLIO SERVICES, LLC

CHIPPENHAM HOSPITAL, INC., a/k/a
CHIPPENHAM & JOHNSTON-WILLIS HOSPITALS, INC.

MELISSA VUR EDWARDS YATES, and

MARVIN VERNARD EDWARDS, JR.

   *Defendants.*

### TRUSTEE'S COMPLAINT TO DETERMINE VALIDITY, PRIORITY OR EXTENT OF LIENS AND INTERESTS IN CERTAIN REAL PROPERTY <u>AND FOR RELATED RELIEF</u>

  Sherman B. Lubman, trustee for the above-captioned bankruptcy estate (the "Trustee"), by counsel, files this complaint (the "Complaint") pursuant to 11 U.S.C. § 105 and Rule 7001 of the Federal Rules of Bankruptcy Procedure. In support of the Complaint, the Trustee respectfully states as follows:

<u>Jurisdiction</u>

1. On March 1, 2012 (the "Petition Date"), LaTara Cheri LeSure-Hill (hereinafter, "Debtor") filed a voluntary petition in this Court for relief under chapter 13 of the United States Bankruptcy Code (the "Code").

2. Debtor's bankruptcy case was converted to a case under chapter 7 of the Code on June 4, 2013 (the "Conversion Date").

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1409(a).

## Parties

6. The Trustee is the duly appointed and acting trustee for the bankruptcy estate of the debtor ("Debtor"), LaTara Cheri LeSure-Hill (the "Estate").

7. Midland Funding, LLC ("Midland"), is, upon information and belief, an entity authorized to do business in the Commonwealth of Virginia.

8. MCV Physicians, a/k/a MCV Associated Physicians, a/k/a VCU Physicians (collectively, "MCV Physicians") is, upon information and belief, an entity authorized to do business in the Commonwealth of Virginia.

9. Bon Secours St. Mary's Hospital ("St. Mary's") is, upon information and belief, an entity authorized to do business in the Commonwealth of Virginia.

10. West End Orthopaedic Clinic, Inc., a/k/a OrthoVirginia, Inc.(collectively, "OrthoVirginia") is, upon information and belief, an entity authorized to do business in the Commonwealth of Virginia.

11. Cavalry Portfolio Services, LLC ("Cavalry") is, upon information and belief, an entity authorized to do business in the Commonwealth of Virginia.

12. Chippenham Hospital, Inc., a/k/a Chippenham & Johnston-Willis Hospitals, Inc. (collectively, "Chippenham Hospital") is, upon information and belief, an entity authorized to do business in the Commonwealth of Virginia.

13. Melissa Vur Edwards Yates ("Yates") is Debtor's cousin and, upon information and belief, a resident of the Commonwealth of Virginia.

14. Marvin Vernard Edwards, Jr. ("Edwards") is Debtor's cousin and, upon information and

belief, a resident of the Commonwealth of Virginia.

Facts

15. The Trustee commenced an Adversary Proceeding, AP No. 13-03329-KLP, in connection with the Debtor's bankruptcy case, seeking, among other things, authority to sell the Estate's interest in certain real property (the "Real Property") along with the respective interests of Yates, Edwards, and George A. Boston ("Boston") (the "363(h) Proceeding").

16. The Real Property is commonly known as 13940 Ramblewood Drive, Chester, Virginia 23836 and more particularly described as:

    ALL of that certain tract or parcel of land, with the improvements thereon and appurtenances thereto belonging, situate in Bermuda District, Chesterfield County, Virginia, on the North side of Point of Rooks Road, containing Eight (8) acres, more or less, and known as "Tract No. 5" on a certain "Christiana V. Jones Estate, dated July 29th, 1939", made by W.W. LaPrade & Bros., C.E. and recorded in the Clerk's Office of said County in Plat Book 5 and described thereon as follows:

    BEGINNING at a point on said road which is the southwest corner of Tract No. 5 shown on said plat, and running thence North 17 ½° East 815 feet to a corner; running thence South 89°-East 460 feet, more or less, to a corner running thence South 22 ¼ ° West 965 feet along the dividing lines between Tract Nos. 5 and 6 to a corner on the North side of said roads running thence in a westerly direction along the North side of said road 343 feet, more or less to the point of beginning.

    IT BEING THE same land which was conveyed to Ruth R. Jones by deed of September 13th, 1949, from J.L. Longest and Ruth Guinn Longest, his wife, and duly recorded in the Clerk's Office of Chesterfield County, Virginia, in Deed Book 357, page 518.

17. A judgment in favor of the Trustee was entered by the Court in the § 363(h) Proceeding on March 17, 2014 (Docket No. 13) which, among other things, authorized sale of the Estate's interest in the Real Property along with the respective interests of Yates,

Edwards, and Boston to a buyer or buyers at its fair market price on the date of the sale, pursuant to 11 U.S.C. § 363(h).[1]

18. An Order Authorizing the Trustee to Sell the Real Property Free and Clear of Liens and Interests and to Compensate his Real Estate Agent was entered by the Court in Debtor's bankruptcy case on March 13, 2014 (Docket No. 97), with the sale price for the Real Property being $70,000.00 (the "Sale Order").

19. Since entry of the Sale Order, several title issues have to come to light in the form of liens asserted against the Real Property by judgment and other creditors of, variously, the Debtor, Yates, Edwards, and Boston (relating primarily to liens which had been satisfied but for which no certificate of satisfaction / release of lien had been recorded).

20. Most of the aforesaid title issues have been resolved, however, there currently appears to be, reflected in the land records for the Circuit Court for Chesterfield County, Virginia (the "State Court"), an unreleased judgment lien in favor of each of the following parties (with the judgment defendant in parentheses):  Midland (Marvin Vernard Edwards, Jr.); MCV Physicians (Melissa Vur Edward Yates), Bon Secours St. Mary's(Melissa Vur Edward Yates), West End Orthopaedic Clinic, Inc. (Melissa Vur Edward Yates), Chippenham Hospital, Inc. (Melissa Vur Edward Yates), and Cavalry Porfolio Services, LLC (Rosetta Lesure).

21. Without resolution of the aforesaid title issues, it does not appear that the Trustee can consummate the sale authorized in the Sale Order.

---

[1] Debtor obtained an undivided one-third interest in the Real Property (commonly known as 13940 Ramblewood Drive, Chester, Virginia 23836) as an heir to her mother, Rosetta Louisita LeSure, who died intestate on or about June 9, 2009. Co-owners of the Real Property are, with fractional undivided interest in the Real Property appearing in parentheses, as follows: Boston (1/3), Yates (1/6), and Edwards (1/6).

*Midland Funding, LLC Judgment Lien*

22. An unreleased judgment lien in favor of Midland and against Edwards' interest in the Real Property is reflected in the State Court land records. A copy of the judgment or abstract thereof is attached as an exhibit and incorporated herein by reference.

23. Based on communications the office of undersigned counsel has had with a Midland representative and Edwards, nothing is currently owed to Midland in connection with the Midland judgment lien.

24. The Trustee has requested that Midland record an instrument in the Chesterfield County land records reflecting this fact.

25. Midland has indicated, through its representative, that such instrument releasing or reflecting satisfaction of the Midland judgment lien would be recorded.

26. Notwithstanding such indication, and despite several follow up requests made to Midland, Midland has failed or refused to record such instrument.

*Cavalry Investments, LLC Judgment Lien*

27. An unreleased judgment lien in favor of Cavalry and against Rosetta LeSure's interest in the Real Property (prior to its passing to Debtor upon LeSure's death) is reflected in the State Court land records. A copy of the judgment or abstract thereof is attached as an exhibit and incorporated herein by reference.

28. Based on communications the office of undersigned counsel has had with a Cavalry representative, nothing is currently owed to Cavalry in connection with the Cavalry judgment lien.

29. The Trustee requested that Cavalry record an instrument in the Chesterfield County land records reflecting this fact.

30. Counsel for Cavalry recorded a letter purporting to mark as "Satisfied" the Cavalry judgment (see letter from Dominion Law Associates, hereinafter, the "Cavalry Judgment Satisfaction Letter," attached hereto as an exhibit and incorporated herein by reference).

31. Although the Cavalry Judgment Satisfaction Letter references the correct amount and case number, it appears to reference the wrong judgment book and page number, and for this reason, a cloud on the title to the Real Property remains because of the Cavalry judgment.

*Chippenham Hospital, Inc., Bon Secours St. Mary's,*
*OrthoVirginia, Inc., and MCV Physicians*
*Judgment Liens*

32. Unreleased judgment liens in favor of (by chronological date of entry) Chippenham Hospital, Bon Secours St. Mary's, OrthoVirginia, and MCV Physicians, against Yates' interest in the Real Property are reflected in the State Court land records. A copy of each such judgment or abstract thereof is attached as an exhibit and incorporated herein by reference.

33. The Trustee is informed and believes that all, or at least some, of the foregoing judgment liens have been fully satisfied and/or do not represent judgments against Yates (and therefore do not represent liens against the Real Property), notwithstanding the fact that they still appear of record in the State Court land records.[2]

---

[2] The Trustee has attempted to obtain pay-off information from each of the aforesaid entities, but has either not received the requested information or been told it would not be provided because the Trustee is not the named judgment debtor.

7

34. To the extent (if any) that the foregoing judgment liens are valid liens against Yates' interest in the Real Property, the Trustee seeks this Court's determination of the extent and priority of each.

35. If and where the Court determines that any of the foregoing judgment liens are valid liens against Yates' interest in the Real Property, the Trustee seeks this Court's authority to pay the amounts determined by the Court to be owed in the order of the priority fixed by the Court and, when amounts payable from the net proceeds of the sale of the Real Property for the interest to which the judgments lien attaches (i.e., the share of the proceeds that would be due Yates for her fractional ownership interest in the Real Property), convey the Real Property to the buyer free and clear of all the aforesaid judgment liens.

36. The Trustee seeks authority to negotiate, without further approval of the Court, a compromise of any liens attaching to any of the co-owners' interests in the Real Property, so long as such compromise(s) would not diminish the amounts payable to the Estate.

*Fixing and Allocation of Preservation and Disposition Costs*

37. The Court, in its judgment order granting the Trustee relief in the § 363(h) Proceeding, held that the Trustee would be entitled to recover from the net proceeds of the sale of the Real Property the reasonable, necessary costs and expenses, including reasonable attorneys' fees, of preserving and disposing of the Real Property pursuant to 11 U.S.C. § 506(c) (the "Preservation and Disposition Costs").

38. The amount of the Preservation and Disposition Costs, and the allocation of same was, in the absence of an agreement by the parties, to be determined by the Court.

39. As of the filing of this Complaint, there is no agreement among the parties as to the

amount and allocation of the Preservation and Disposition Costs.

40. The Trustee submits that the amount of the Preservation and Disposition Costs, comprised of, without limitation, real estate commissions, closing costs, and attorney fees and expenses, total not less than $21,900.00, and that the Preservation and Disposition Costs should be allocated evenly among the interests in the Real Property of the Estate and each co-owner.

## *Count I*

### *Determination of Validity, Priority, and Extent of Liens*

41. Each of the foregoing allegations are, in their entirety, repeated, re-alleged and incorporated herein.

42. The Court is authorized to determine the validity, priority, and extent of the judgment liens identified above under Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

43. Based on the facts set forth above, the Court can and should find the Cavalry judgment lien (which the State Court land records arguably reflect as still constituting a lien against the Estate's interest in the Real Property), to be fully satisfied.

44. Based on the facts set forth above, the Court can and should find the Midland, Chippenham Hospital, Bon Secours St. Mary's, OrthoVirginia, and MCV Physicians liens to be fully satisfied or, if evidence is offered by any defendant to the contrary, to determine the validity, priority, and extent of each such lien and determine the amounts which the Trustee may pay from the net sale proceeds of sale of the Real Property in full and final satisfaction of any unsatisfied lien.

### *Count II*

### *Providing for Distribution*

### *(Satisfaction of Any Valid Judgment Liens and Allocation of Preservation and Disposition Costs in Connection with the Real Property)*

45. Each of the foregoing allegations are, in their entirety, repeated, re-alleged and incorporated herein.

46. Under 11 U.S.C. § 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

47. Under 11 U.S.C. § 506(c), the Trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving or disposing of such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c).

48. Based upon the facts outlined above, and in furtherance of the judgment in the § 363(h) Proceeding, the Sale Order, and the Trustee's administration of the Real Property, the Court can and should:

   a) Determine what, if any, amounts should be payable in full and final satisfaction of any liens against and interests in the Real Property; and

   b) Fix and allocate the costs of preservation and disposition of the Real Property among the Estate, the judgment lien creditors, and the co-owners.

### *Summary of Relief Sought*

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

A. Declaring the judgment lien of record in favor of Midland Funding, LLC (the "Midland Lien") and against the interest of Marvin Vernard Edwards, Jr. to have been fully satisfied and, in any event, permitting the Trustee to sell the and convey the Real Property and make distributions from the proceeds of sale of the Real Property, free and clear of the Midland Lien.

B. Declaring the judgment lien of record in favor of Cavalry (the "Cavalry Lien") and against the interest of the Estate (through Rosetta LeSure) to have been fully satisfied and, in any event, permitting the Trustee to sell the and convey the Real Property and make distributions from the proceeds of sale of the Real Property, free and clear of the Cavalry Lien.

C. Declaring:

  i. the judgment liens of record in favor of Chippenham Hospital, Bon Secours St. Mary's, OrthoVirginia, and MCV Physicians against the interest of Yates to have been fully satisfied and, in any event, permitting the Trustee to sell the and convey the Real Property and make distributions from the proceeds of sale of the Real Property, free and clear of such liens; or

  ii. To whatever extent that the Court determines that any amount is owed in connection with the foregoing liens, to determine the amount and priority of each and permitting the Trustee to pay the amounts determined by the Court to be owed in the order of the priority fixed by the Court and, when amounts payable from the net proceeds of the sale of the Real Property for

    the interest to which the judgments lien attaches (i.e., the share of the proceeds that would be due Yates for her fractional ownership interest in the Real Property) have been exhausted, convey the Real Property to the buyer free and clear of all the aforesaid judgment liens; and authorizing the Trustee to negotiate, without further approval of the Court, a compromise of any liens attaching to the co-owners' interests in the Real Property, so long as such compromise(s) would not diminish the amounts payable to the Estate; and

D. To whatever extent that the Court determines that any amount is owed in connection with any of asserted liens which are the subject of this Complaint, determining the amount and priority of each and permitting the Trustee to pay the amounts determined by the Court to be owed in the order of the priority fixed by the Court and, when amounts payable from the net proceeds of the sale of the Real Property for the interest to which the judgments lien attaches (i.e., the share of the proceeds that would be due any co-owner for his or her fractional ownership interest in the Real Property) have been exhausted, conveying the Real Property to the buyer free and clear of all the aforesaid judgment liens; and authorizing the Trustee to negotiate, without further approval of the Court, a compromise of any liens attaching to the co-owners' interests in the Real Property, so long as such compromise(s) would not diminish the amounts payable to the Estate;

E. Fixing the amount of the Preservation and Dispositions Costs at $21,900.00 or such greater sum as the evidence may establish and allocating the Preservation and Dispositions Costs equally among the interests of the Estate, the judgment creditors, and

the co-owners; and

F. Granting such other and further relief as the Court may deem just and appropriate.

        **SHERMAN B. LUBMAN, TRUSTEE**
        **FOR THE BANKRUPTCY ESTATE OF**
        **LATARA CHERI LESURE-HILL**

By:   /s/ Kevin A. Lake_____

      Kevin A. Lake (VSB No. 34286)
      MCDONALD, SUTTON & DUVAL, PLC
      5516 Falmouth Street, Suite 108
      Richmond, Virginia 23230
      (804) 643-0000
      klake@mcdonaldsutton.com

      *Counsel for Sherman B. Lubman, Chapter 7 Trustee*